OPINION
On July 25, 1997, appellant, Alvin Gadison, a juvenile, was charged with one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving appellant's five year old cousin, Brittany Mitchell, while appellant was babysitting her.
On August 12, 1997, appellant filed a motion to suppress his confession to police. A bench trial before a magistrate commenced on August 15, 1997. Prior to trial, the magistrate heard the suppression motion. The magistrate denied the motion and proceeded to hear the evidence. By decision filed September 5, 1997, the magistrate found appellant delinquent of the rape charge, dismissed the gross sexual imposition charge as duplicative, and committed appellant to the Department of Youth Services for a minimum period of one year and no more than appellant attaining the age of twenty-one years.
Appellant filed objections and a hearing before the trial court was held on October 27, 1997. By judgment entry filed November 14, 1997, the trial court overruled the objections and approved and adopted the magistrate's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL ERRED AS A MATTER OF LAW IN ADMITTING JUVENILE'S TAPED STATEMENT INTO EVIDENCE WITHOUT ANY EVIDENCE AS TO CORPUS DELICTI.
II
 THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO SUPPORT THE TRIAL COURT'S FINDING THAT JUVENILE WAS DELINQUENT BY ONE COUNT OF RAPE.
 I
Appellant claims the trial court erred in admitting appellant's confession to the police. We disagree.
Appellant argues appellant's confession should not have been admitted because no corpus delicti had been established i.e. no corroborating evidence was presented of any criminal act having been committed. In support, appellant cites the leading case ofState v. Maranda (1916), 94 Ohio St. 364, wherein the Supreme Court of Ohio at syllabus stated as follows:
 1. By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements:
1. The act. 2. The criminal agency of the act.
 2. It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible.
Appellee, the State of Ohio, called Detective James Armstrong of the Canton Police Department as its first witness. Appellee questioned Detective Armstrong about his investigation and moved to admit the tape of appellant's confession (State's Exhibit B). T. at 29-32. Defense counsel objected stating "I would renew my objection to the confession being played." T. at 32. This renewal referred to an objection made during the suppression hearing held prior to the trial. The objection was based upon the argument appellant's confession was not voluntary and made knowingly. T. at 24. The renewal of the objection had nothing to do with appellee's failure to establish corpus delicti prior to admitting the confession. As such, we find no objection in the record to the confession being played on this issue.
In order to preserve an error for review, one must raise the issue in the trial court. State v. Maurer (1984), 15 Ohio St.3d 239;State v. Williams (1977), 51 Ohio St.2d 112. An error not raised in the trial court must be plain error for the appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different but for the error. Long; Crim.R. 52(B).
We agree appellee's general questioning of Detective Armstrong on his investigation did not rise to the level of "some
evidence outside of the confession that tends to prove some
material element of the crime charged." Maranda at paragraph two of the syllabus. However, upon review, we find the playing of the confession during Detective Armstrong's testimony did not affect appellant's substantial rights.
The case was tried without a jury before a magistrate. Following the playing of the confession, the magistrate heard substantial evidence about the "act" and the "criminal agency of the act" through the testimony of Brittany's mother, Lynette Pridgen, and Brittany's treating physician, Brad McKenney, M.D. Appellant has not demonstrated the outcome of the trial would have been different if the confession would have been played after their testimony.
Assignment of Error I is denied.
 II
Appellant claims the trial court's finding of delinquency was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Dr. McKenney testified he examined Brittany on June 29, 1997 following a complaint of a sexual assault. T. at 69. Brittany told Dr. McKenney "someone had put his stuff inside her." T. at 73. When asked what "stuff" was, Brittany circled the penis on the drawing shown to her. T. at 74. Brittany stated the "someone" was her cousin (T. at 75), and it had occurred when "she had been babysat." T. at 80. Upon examining Brittany, Dr. McKenney found Brittany's hymen to be enlarged, red, swollen and torn. T. at 77.
Ms. Pridgen testified she took Brittany to the emergency room after Brittany had made certain statements against appellant. T. at 60-61. Ms. Pridgen confirmed appellant was at her home every day in June of 1997 and he often babysat Brittany. T. at 58-59.
Through his taped confession, appellant admitted he had tried to put his penis in Brittany's vagina (T. at 38), and he had placed his finger inside her. T. at 40. Appellant testified at trial and denied the allegations (T. at 98), stating he had confessed because he was scared. T. at 104.
Upon review, we find sufficient evidence to support the trial court's finding of delinquency and no miscarriage of justice.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.